BEATRICE M. SORENSON, Respondent, v. WILLIAM H. SORENSON, Appellant.— In an action by a wife for a separation and to impress a trust, the complaint was dismissed on the merits, after trial. Thereafter, the entry of the decree was delayed for three months. The decree dismisses the complaint and includes a provision for counsel fees, the amount of which had been reserved to the trial court, and a direction to defendant to pay the arrears of temporary alimony which accrued in the three months between the time of the decision and the time of entry of the judgment. Thereafter several orders were made,

on motions by plaintiff, directing defendant to pay her expenses of appeal from the decree and additional counsel fees and disbursements on the motions. The order on appeal, made on reargument, adjudges defendant in contempt of the decree and orders. Order reversed, without costs, and the motion to punish denied, on the ground that it does not appear that the defendant was served with copies of the decree and orders or that he had knowledge of the terms thereof. It may be noted further that there is no statutory authority for charging defendant with default in payment of temporary alimony accruing after the dismissal of the complaint, and that the total fine apparently includes amounts which were the subject of money judgments and not directions to pay. Adel, Acting P. J., Wenzel and Schmidt, JJ., concur; Beldock, J., with whom Murphy, J., concurs, dissents and votes to modify the order appealed from by deducting $390 from the amount of the fine plus accrued interest thereon, and as so modified to affirm said order, with the following memorandum: This is an appeal by defendant from an order punishing him for contempt for failure to comply with the provisions of a decree, dated April 16, 1953, and four subsequent orders, as well as for disobedience of two orders granting stays at defendant's request. An order may be made punishing a defendant for contempt of court, even though the decree or order directing payment has not been served on him personally, if it appears that he had knowledge of the terms of the decree or order, and a copy was served on his attorney. (*Bishock* v. *Bishock*, 280 App. Div. 830.) It is not disputed that copies of the decree and orders here involved were served on defendant's attorney. Defendant nowhere claims that he did not have knowledge of the decree and the orders for the violation of which he has been punished. The proof is overwhelming that he had knowledge of such decree and orders: (a) Defendant's attorney submitted a proposed decree prior to the entry of the decree of April 16, 1953, in which $1,390 was stated as required by defendant to be paid; (b) defendant appealed from the decree actually entered and from each order directing payment; (c) defendant obtained a stay of the payment provisions of the decree and thereafter a stay of the payment provisions of several of the orders; (d) defendant submitted an affidavit in opposition to plaintiff's motion to enter judgment for the $1,390, which the decree of April 16, 1953, had directed be paid; and (e) defendant has been represented by the same attorney throughout the various proceedings and there is no claim that he is acting without authority. In my opinion, defendant may not be punished for contempt for the failure to pay the $390 arrears of alimony which accrued between the date of the decision and the date of the judgment dismissing the complaint, the delay not being caused by any act of defendant. [See *post*, p. 1059.]